IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-00062-WDM-MJW

GAGE, Inc., a Utah corporation,

    Plaintiff,

v.

RANGE FUELS, INC., f/k/a KERGY, INC., a Delaware corporation;
KHOSLA VENTURES, LLC, a Delaware limited liability corporation; and
VINOD KHOSLA, an individual,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER AND STAYING ACTION

Miller, J.

This matter is before me on Plaintiff's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Docket No. 24).

### Background

The specific facts of the underlying dispute were well stated by United States District Court Judge Dee Benson in the Central Division of the District of Utah in his September 29, 2009 Memorandum Decision and Order in case number 08-cv-57 DB (Ex. B to Pl.'s Mem. in Support of Mot. to Transfer Venue, Docket No. 25), so I will not repeat them here except to say that this dispute centers around whether Defendants engaged in a civil conspiracy and tortiously interfered with Plaintiff's contractual relations with a company called BioConversion Technology, Inc. ("BCT"), which is in the

1

business of researching, developing, and producing technology for the purpose of converting certain products into fuels and energy through the process of pyrolitic steam reforming gasification (Compl. ¶ 11).

On January 18, 2008, Plaintiff filed a complaint in the Central Division of the District of Utah against, *inter alia*, BCT, alleging wrongful termination of a license agreement between Plaintiff and BCT and breach of the license agreement ("the Utah action"). (Judge Benson Order 9, Ex. B to Pl.'s Mem. in Support of Mot. to Transfer Venue.) In January 2009, Plaintiff amended the Utah action to assert claims against Defendants, alleging that they tortiously interfered with Plaintiff's license agreement with BCT and conspired with BCT to disrupt Plaintiff's relationship with BCT. (*Id.*) Also in January 2009, Plaintiff filed the present suit in the District of Colorado asserting the same tortious interference and civil conspiracy claims against Defendants ("the Colorado action"). (Compl., Docket No. 1.) Plaintiff admits that its claims against Defendants in this action are identical to its Utah claims. (Pl.'s Mem. in Support of Motion to Transfer Venue 3.) Plaintiff filed the Colorado action as a protective measure "to ensure its claim was filed within any potential statute of limitations and to safeguard against the possibility that the [ ] Defendants would challenge the Utah Court's jurisdiction." (Pl.'s Mot. to Transfer Venue 1-2.) On March 4, 2009, in the Utah action, Defendants filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the claims or the entire action to the District of Colorado. (Judge Benson Order 10, Ex. B to Pl.'s Mem. in Support of Mot. to Transfer Venue.) On September 29, 2009, Judge Benson issued a Memorandum Decision and Order in the Utah action, concluding that Defendants are subject to personal jurisdiction in Utah, and

accordingly denying their motions to dismiss or transfer.  (Judge Benson's Order, Ex. B to Pl.'s Mem. in Support of Mot. to Transfer Venue.)  After the court in the Utah action found that it had personal jurisdiction over Defendants, Plaintiff chose not to dismiss its claims against Defendants in the Colorado action, but rather filed the present Motion to Transfer Venue (Docket No. 24).  As grounds for its motion, Plaintiff has stated that "Utah is a fair and more convenient and judicially efficient forum for the trial of this matter," and that Plaintiff "has identical claims against the [ ] Defendants currently pending in the Untied States District Court of the District of Utah in a case including other defendants."  (Pl.'s Mot. to Transfer Venue 1.)  Plaintiff further states that "[t]he court in the Utah [a]ction recently determined that it has personal jurisdiction over the [ ] Defendants . . . ."  (*Id.* at 2.)  Finally, Plaintiff states that "it would be more efficient to transfer this action to the United States District Court for the District of Utah and then move to consolidate this case with the Utah [a]ction.  The inconvenience and expense of having two identical cases proceed in separate districts, together with the other circumstances of this case . . . demonstrate that [Plaintiff] has met the burden under 28 U.S.C. § 1404(a) to have this case transferred to a more convenient forum."  (*Id.*)

Despite the fact that Defendants are currently litigating identical claims in two places, they oppose the present motion to transfer because they continue to contend that they are not subject to personal jurisdiction in Utah.  (Defs.' Response in Opposition to Pl.'s Mot. to Transfer Venue ¶ 2.)  Defendants state, "Although the District Court in Utah recently denied a motion by the [ ] Defendants to dismiss the Utah action for lack of personal jurisdiction, the Utah Court decided the motion based, in principal part, on the allegations in [Plaintiff's] complaint.  Having preserved the defense . . ., the [ ]

3

Defendants believe that a more fully developed record will ultimately demonstrate that they are not subject to personal jurisdiction in Utah." (*Id.*)

## Discussion

In situations such as this one, where two essentially identical cases are pending in two different federal courts, "[t]he rule is that the first federal district court which obtains jurisdiction of the parties and issues should have priority and the second court should decline consideration of the action until the proceedings in the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). The rationale behind this rule is that "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" *Id.* (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).

In *Cessna Aircraft Co.*, the Tenth Circuit addressed very similar issues. The plaintiffs filed their claims in the Western District of Louisiana, and the defendant asserted that it was not subject to service of process in Louisiana and challenged the jurisdiction of the federal district court in the District of Louisiana. *Id.* at 690-91. The plaintiffs proceeded to file the same claims in the District of Kansas, where defendants were subject to jurisdiction, "to avoid the bar of the statute of limitations in the event that the Western District of Louisiana was determined to be without jurisdiction." *Id.* at 691. Once the court in the District of Louisiana determined that it had jurisdiction over the defendant, the defendant filed a motion to transfer the Louisiana action to the District of Kansas or alternatively to stay the Louisiana action, and the plaintiffs filed a motion to

transfer the District of Kansas action to the District of Louisiana or alternatively to stay the proceedings in the District of Kansas.  *Id.*  The defendant continued to assert that it was not subject to jurisdiction in the District of Louisiana.  *Id.* at 692.  The district court granted the plaintiffs' motion to transfer and transferred the case to the District of Louisiana.  *Id.* at 691.  However, the Tenth Circuit reversed the district court and determined that the subsequent case, the Kansas case, should not have been transferred to the District of Louisiana.  *Id.* at 692.  In support, the Tenth Circuit stated, "If the cases are transferred and the Court of Appeals for the Fifth Circuit ultimately holds that the Western District [of Louisiana] does not have jurisdiction over [the defendant], the knot of procedural complications will have to be untied in some manner. We see no reason why such complications may not be avoided at this time."  *Id.*

Exactly as was the case in *Cessna Aircraft Co.*, Plaintiff here admittedly filed this Colorado action as a protective measure to avoid any statute of limitations problems in case the court in the Utah action determined that it did not have jurisdiction over Defendants.  Additionally, just as in *Cessna Aircraft Co.*, the court in the first filed action, the Utah action, has now determined that it does have jurisdiction over Defendants, but Defendants continue to assert that they are not subject to jurisdiction in the District of Utah.  Finally, just as was the case in *Cessna Aircraft Co.*, Plaintiff seeks to have the subsequent case, the Colorado action, transferred to the forum in which the first action was filed, the District of Utah, whereas Defendants seek to have the case proceed in the subsequent forum, the District of Colorado.

The teachings of *Cessna Aircraft Co.*, 348 F.2d at 692, compel a similar result here.  In the interest of sound judicial administration and avoiding wastefulness of time

5

and resources, Plaintiff's Motion to Transfer Venue must be denied.  Rather, the Colorado action should be held in abeyance until the termination of the Utah action and any appeals therefrom.

Accordingly, it is ORDERED:

1. Plaintiff's Motion to Transfer Venue (Docket No. 24) is denied.

2. This action shall be stayed until the termination of the Utah action and any appeals therefrom.

2. In the meantime, this action shall be administratively closed pursuant to D.C. Colo. L. Civ. R. 41.2, subject to reopening for good cause.  If good cause is not shown before January 2011, this action may be dismissed without prejudice.

DATED at Denver, Colorado, on January 4, 2010..

                                            BY THE COURT:

                                            s/ Walker D. Miller
                                            United States Senior District Judge